IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DAVID ENRIQUE GALLEGOS,
TDCJ-CID No. 02282892,

    Plaintiff,

v.

OCHILTREE COUNTY, TX, *et al.*,

    Defendants.

2:20-CV-192-Z-BR

# MEMORANDUM OPINION AND ORDER
# DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint against the above-referenced Defendants filed August 14, 2020 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. As an initial matter, having considered Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4), the Application is **GRANTED**. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges claims regarding his underlying criminal conviction. ECF No. 3 at 4. Plaintiff states that Defendant McCoy (the state court prosecutor), Defendant Meraz (the state court defense attorney in his trial) and Defendant Ochiltree County all committed violation of his constitutional rights in securing his underlying criminal conviction. *See id.* The basis of Plaintiff's argument is that a conflict existed between Plaintiff and his criminal defense attorney, known by the prosecutor, which resulted in an unfair trial. *See id.* Plaintiff's criminal conviction

has not been overturned on habeas relief, nor has Plaintiff alleged that he brought such challenges in a pending habeas action. *See id.*

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## ANALYSIS

First, Plaintiff's claims against Defendant Meraz are barred because he is not a state actor. Defendant Meraz, as a private attorney, is not a state actor within the meaning of Section 1983. *See Mouton v. Louisiana*, 547 Fed. Appx. 502, 502–03 (5th Cir. 2013).

Second, Plaintiff's remaining claims for prosecutorial misconduct and his claims against the jurisdictional authority (Ochiltree County, Texas) are frivolous as barred by the *Heck* doctrine.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

The test to determine whether a claim is barred by *Heck* is not whether success would invalidate the conviction, but whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff's arguments regarding ineffective assistance, prosecutorial misconduct, trial court error, misconduct, and wrongful incarceration are all barred by *Heck* because these claims are directly related to the validity of his conviction. *See id.* As Plaintiff has failed to establish that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claims are barred. *See id.* Thus, Plaintiff's Complaint is frivolous, and his Complaint is **DISMISSED**.

**SO ORDERED.**

July **19**, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE